# CARTER v STATE OF FLORIDA
## Case No. 89-132 AC
Eleventh Judicial Circuit, Dade County
March 13, 1990

### APPEARANCES OF COUNSEL

**Harvey Sepler, Esquire,** Assistant Public Defender, for appellant.
**Anita J. Gay, Esquire,** Assistant Attorney General, for appellee.

Before FERRO, KORNBLUM, LEVINE, JJ.

### OPINION OF THE COURT

LEVINE, J.

Appellant, Douglas Carter, appeals from the denial of his pretrial

Motion to Suppress. Appellant pleaded no contest, reserving the right to appeal the suppression ruling. The trial court determined that the motion was in fact dispositive of the case.

At the hearing on the Motion to Suppress, the defense presented deposition testimony of the arresting officer, apparently without objection from the State. Appellant was observed by police in a parking lot at approximately 1:30 a.m. The police decided to follow Appellant after they heard a car horn honk, although they were not certain it was his, and observed him drive off at a high rate of speed. After about two blocks, police stopped Appellant for lane weaving and having no tag. At that point, they noticed the odor of alcohol and arrested Appellant for DUI. Appellant contends that the stop was pretextual, and therefore illegal.

In *Kehoe v State,* 521 So.2d 1094 (Fla. 1988), the Supreme Court of Florida recognized that police may not use some minor traffic infraction to justify an investigative stop when they lack the founded suspicion required by the Fourth Amendment of the United States Constitution. The Court held that the State "must show that under the facts and circumstances a reasonable officer would have stopped the vehicle absent an additional invalid purpose."

The case *sub judice* is remarkably similar to *Monroe v State,* 543 So.2d 198 (Fla. 5th DCA 1989). Police observed Monroe circling blocks in an area known for high crime. The officer followed Monroe waiting for an opportunity to make a stop. Finally, a bald tire was noticed, and Monroe was pulled over. After the detention, police found drugs and a firearm. The Court order the evidence suppressed because the State failed to show that a reasonable officer on drug patrol would have made a traffic stop for a bald tire, absent another invalid purpose, *i.e.,* checking for criminal activity in the absence of founded suspicion.

Here, police suspected Carter of wrongdoing, but had no founded suspicion to legally detain him for an investigation. They followed him for two blocks, then stopped him for relatively minor traffic infractions. Only after the pretextual stop did police gather evidence of a serious crime. The test for the trial court to determine the legality of the stop was not whether an officer *could* have stopped Carter, but whether a reasonable officer *would* have stopped the car absent an invalid purpose. *Monroe v State, Id.* at 299. The State, at the hearing on the Motion to Suppress, failed to carry its simple burden of demonstrating that a reasonable officer on patrol would have stopped the Defendant for lane weaving and not having a tag. Accordingly, the Motion should have been granted and the evidence suppressed.

It may be that in some situations the traffic infraction is so egregious that the Court could legally conclude that any reasonable officer would have made the stop even in the absence of an invalid purpose, without receiving evidence on the issue from the State at the hearing on the motion to suppress. We are not prepared to say, however, that lane weaving and tag violations justify such a conclusion. The State should have presented evidence on the matter as required by *Kehoe, supra.*

The convictions are reversed and the case remanded with directions to discharge the Defendant.

REVERSED and REMANDED.

KORNBLUM, J., Concurs; FERRO, J., Dissents with an opinion.

---

FERRO, J., Dissenting

There is competent substantial evidence to support the trial judge's denial of the appellant's *MOTION TO SUPPRESS.* I would affirm.

In this case, it was agreed that the only evidence at the hearing would be the deposition of the arresting officer.

I agree with the majority that there are situations in which "the Court could legally conclude that any reasonable officer would have made the stop . . . without receiving evidence on the issue from the State at the hearing." I am satisfied that the trial judge was able to adduce from the evidence and argument presented at the hearing that a "reasonable officer would have made the stop." I would concur with the decision of my colleagues if there were no evidence from which the trial judge could have made a decision, but in this case there was.